IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LAURA MELENDREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No 5:15-cv-519 |
| | § | JURY DEMANDED |
| ALPHA NURSING AND THERAPY, L.L.C., | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MOTION TO WITHDRAW AS ATTORNEYS IN CHARGE FOR DEFENDDANT

COME NOW, Mark Kennedy and Kennedy Attorneys and Counselors at Law ("Kennedy"), and ask this Court to allow them to withdraw as attorneys in charge for Defendant, Alpha Nursing and Therapy, L.L.C. ("Defendant"), in the above-styled action, and allege and aver as follows:

### INTRODUCTION

1.  Kennedy seeks the Court's approval to withdraw as attorneys in charge for Defendant in the above-styled matter.

2.  Defendant was sued by Plaintiff Laura Melendrez for allegedly failing to pay overtime wages in violation of the Fair Labor Standards Act.

3.  On or about March 7, 2016, the parties reached a tentative settlement agreement to dispose of the case. Shortly thereafter, the case was stayed by order of the Court so that Defendant could make payment to Plaintiff pursuant to the settlement terms.

4.  After the settlement agreement was executed by the parties, Defendant terminated Kennedy, which necessitates Kennedy's withdrawal as attorneys in charge for Defendant with the Court's permission.

5. Kennedy has discussed the matter of withdrawal with opposing counsel who opposes the withdrawal to the extent withdrawal will interfere or delay finalization of the settlement and dismissal of this suit.

## AUTHORITIES

6. A Court may grant an attorney's motion to withdraw from representation of a client if the attorney shows good cause to withdraw, gives reasonable notice to the client, and satisfies the Court that the attorney's withdrawal will not adversely affect efficient litigation of the suit. *See Matter of Wynn*, 899 F.2d 644, 646 (5th Cir. 1989); *Intelligender, LLC v. Soriano*, Civil Action No. 2:10-cv-125-JRG, 2013ETX0000601 (E.D. Tex. 2012) (VersusLaw); and *Streetman v. Lynaugh*, 674 F.Supp. 229, 234 (E.D. Tex. 1987).

7. The Texas Disciplinary Rules of Professional Conduct outline six specific situations in which good cause would exist for withdrawing from representation of a client: (1) withdrawal can be accomplished without material adverse effect on the interest of the client; (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes may be criminal or fraudulent; (3) the client has used the lawyer's services to perpetuate a crime or fraud; (4) a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent or with which the lawyer has a fundamental disagreement; (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services, including an obligation to pay the lawyer's fee as agreed, and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client. Tex. Discip. Rules of Prof'l Conduct R. 1.15(b)(1)-(6). This list is not exclusive.

## ARGUMENT

8. Good cause exists for this motion to withdraw because Defendant has terminated Kennedy's representation and does not want Kennedy as counsel of record in this matter.

9. Additionally, Defendant has failed to fulfil its financial obligations to Kennedy by not paying attorney fees which are due and owing to Kennedy. In fact, Defendant has repudiated the written engagement agreement with Kennedy in connection with representation. Kennedy and Defendant have been unable to resolve the matter of unpaid fees, notwithstanding the termination of Kennedy's representation.

10. On June 25, 2016, notice was given to Defendant of Kennedy's intention to withdraw from representation. Defendant was further instructed on its obligations to Plaintiff pursuant to the settlement agreement reached in March, specifically on the means and manner of payment to Plaintiff and her counsel.

11. Kennedy also advised Defendant that it must obtain an attorney and be represented by counsel before this Court.

12. Kennedy has conferred with counsel for Plaintiff, Melissa Fletcher, who opposes the motion to the extent withdrawal may delay or disrupt the resolution of this case through dismissal.

13. Kennedy does not believe withdrawal at this stage of the case, when all that remains is Defendant's payment to Plaintiff per the settlement and dismissal of the action, will delay or disrupt this matter.

## CONCLUSION

For these reasons, Kennedy asks this Court to grant their motion to withdraw.

Page 4 of 6

      Respectfully submitted,

      KENNEDY
      Attorneys and Counselors at Law


          /s/ Joanna H. Martin
      _____
      MARK S. KENNEDY
      State Bar of Texas No. 24000122
      JOANNA A. MARTIN
      State Bar of Texas No. 24072153
      12222 Merit Drive, Suite 1750
      Dallas, TX 75251
      Telephone: (214) 445-0740
      Fax: (972) 661-9320
      markskennedylaw@msn.com


      **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

The undersigned attorney conferred with counsel for Plaintiff, Melissa Morales Fletcher, concerning the motion to withdraw on June 28, 2016. Ms. Fletcher opposes the motion to the extent withdrawal may delay or disrupt the resolution of this case through dismissal.

/s/ Joanna Martin
_____
JOANNA H. MARTIN

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the forgoing motion to withdraw was electronically filed through the CM/ECF system on June 30, 2016, which will automatically serve a notice of Electronic Filing on the following attorney in charge for Plaintiff:

Melissa Morales Fletcher, *Of Counsel*
ATTORNEY-IN-CHARGE
State Bar No. 24007702
Email: Melissa@themoralesfirm.com
**THE MORALES FIRM, P.C.**
115 E. Travis, Suite 1530
San Antonio, Texas 78205
Telephone: (210) 225-0811
Facsimile: (210) 225-0821

             /s/ Joanna Martin
             _____
             JOANNA H. MARTIN