IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LAURA MELENDREZ, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 5:15-cv-519-RP |
| ALPHA NURSING AND THERAPY, LLC, | § § § | |
| Defendant. | § § § | |

## ORDER

Before the Court is Plaintiff Laura Melendrez's ("Melendrez") Motion for Default Judgment. (Dkt. 40). For the reasons that follow, the Court finds that the motion should be granted.

## I. BACKGROUND

Melendrez alleges the following facts in her complaint. (Dkt. 1). Melendrez performed "general office duties" for Defendant Alpha Nursing and Therapy, LLC ("Alpha") from January 2013 to May 2015. (*Id.* ¶ 7). Alpha paid Melendrez hourly at a rate of $14 per hour from May 2013 to January 2014, and then $15 per hour for the remainder of her employment. (*Id.* ¶ 9).[1] Melendrez often worked more than 40 hours per week, but Alpha never paid her at 1.5 times her regular pay rate for her overtime hours. (*Id.* ¶¶ 8, 12). Alpha willfully deprived Melendrez of overtime wages despite being aware of the Fair Labor Standard Act's ("FLSA") requirements (*Id.* ¶¶ 13–14).

In February 2016, the parties informed the Court that they had reached a tentative settlement and requested a stay. (Mot. Stay, Dkt. 13). The Court stayed this action on February 11, 2016. (Order, Dkt. 15). The settlement ultimately fell apart, and Alpha's counsel withdrew. (*See*

---

[1] Melendrez's complaint does not allege what Melendrez's hourly wage was from her start date until May 2013. However, Melendrez submitted as evidence pay stubs showing that her hourly rate was $14 per hour from January 2013 forward. (Pay Stubs, Dkt. 40-1, at 38).

Order, Dkt. 21). When the Court permitted Alpha's counsel to withdraw on August 15, 2016, the Court informed Alpha that its failure to retain new counsel would subject it to default and ordered Alpha to retain new counsel within 21 days. (*Id.* at 2). After Alpha failed to retained new counsel, the Court ordered Alpha to show cause as to why a default judgment should not be entered against it. (Order, Dkt. 23). Alpha failed to respond, and Melendrez moved for entry of default. (Dkt. 27). The clerk entered Alpha's default on March 17, 2017. (Dkt. 33). Melendrez then moved for a default judgment against Alpha on March 21, (Dkt. 34); the case was stayed on March 28 after Alpha filed for bankruptcy. (Dkt. 36). On September 5, 2017, Melendrez informed the Court that Alpha's bankruptcy case was dismissed, (Dkt. 38), and the Court lifted the stay. (Dkt. 39). Melendrez then resubmitted her motion for default judgment. (Dkt. 40).[2] That motion is now before the Court.

## II. LEGAL STANDARD AND DISCUSSION

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant that has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(a)–(b). That said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment simply because the defendant is in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default judgment is generally committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

In considering Melendrez's motion, the Court must determine: (1) whether default judgment is procedurally warranted, (2) whether the Melendrez's complaint sets forth facts sufficient to establish that it is entitled to relief, and (3) what form of relief, if any, Melendrez should receive.

---

[2] Alpha asked for an extension of time to retain counsel and respond to Melendrez's motion, stating that it was unaware that it could not proceed *pro se*. (Dkt. 41). The Court gave Alpha until November 22 to retain counsel and respond. (Dkt. 42). Alpha has neither retained counsel nor filed a response.

2

*United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); *see also J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (using the same framework).

<u>1. Procedural Requirements</u>

To determine whether entry of a default judgment is procedurally warranted, district courts in the Fifth Circuit consider six factors: "[1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

On balance, the *Lindsey* factors weigh in favor of entering a default judgment against Alpha. Although Alpha placed material facts at issue by filing an answer denying Melendrez's claims, the remainder of the factors counsel in favor of entering default judgment. Alpha's failure to retain counsel for over sixteen months has ground the adversary process to a halt, prejudicing Melendrez's interest in pursuing her claim for relief. *See J & J Sports*, 126 F. Supp. 3d at 814 ("Defendants' failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests.") (citation and quotation marks omitted). The grounds for default are established: Alpha remains unrepresented by counsel. The default was not caused by a good faith mistake or excusable neglect, as Alpha has known since August 2016 that it would be subject to default if it failed to retain counsel. (*See* Order, Dkt. 21, at 2 ("Defendant is admonished that a failure to retain counsel may be viewed as a failure to defend this action, subjecting Defendant to default.")). A default judgment in this case is not particularly harsh; Alpha has already paid Melendrez $9,790.78 by way of settlement, and Melendrez seeks only $5,620.72 more in damages plus $6,367.50 in attorney's fees. (Pl.'s Mot. Def. J., Dkt. 40, at 7–8; Fletcher Decl., Dkt. 40-2, at 3–4). Finally, the Court is not aware

3

of any facts that would obligate it to set aside the default if challenged by Alpha. The Court therefore finds that default judgment is procedurally warranted.

*A. Sufficiency of Melendrez's Complaint*

Default judgment is proper only if the well-pleaded factual allegations in Melendrez's complaint establish a valid cause of action. *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact." *Id.* In determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency under Rule 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While "detailed factual allegations" are not required, the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The FLSA bars an employer from requiring an employee to work in excess of 40 hours per week without paying the employee at least 1.5 times her regular pay rate. 29 U.S.C. § 207(a)(1). An employer who violates Section 207 of the FLSA is liable to the employee not only in the amount of their unpaid overtime compensation but also "in an additional equal amount as liquidated damages." *Id.* § 216(b).

Melendrez alleges that Alpha is subject to the FLSA and that Melendrez frequently worked over 40 hours per workweek. (Compl., Dkt. 1, ¶¶ 6, 8). Melendrez further alleges that Alpha willfully violated the FLSA by failing to pay her overtime compensation. (*Id.* ¶¶ 12–14). In support of her

4

motion for default judgment, Melendrez submitted a sworn declaration and pay stubs summarizing her hours worked, her hourly pay rate, and her overtime premium from April 29, 2013 to May 10, 2015. (Melendrez Decl., Dkt. 40-1). Those documents show that Melendrez was wrongly denied $7,705.75 in overtime compensation. (*Id.*). Melendrez's complaint and the supporting evidence filed with her motion for default judgment are sufficient to support the entry of default judgment against Alpha.

### 3. Relief

Federal Rule of Civil Procedure 54(c) states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). In other words, the relief prayed for in a complaint defines the scope of relief available on default judgment. *Id.*

A defendant's default concedes the truth of the allegations of the complaint concerning the defendant's liability, but not damages. *United States v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Ordinarily, damages will not be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, when the amount of damages or costs can be determined with certainty by reference to the pleadings and supporting documents, and when a hearing would not be beneficial, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). A sum capable of mathematical calculation is one that can be "computed with certainty by reference to the pleadings and supporting documents alone." *Id.* at 311.

In her complaint, Melendrez seeks actual damages for unpaid overtime wages, liquidated damages, attorney's fees, post-judgment interest, and costs. (Compl., Dkt. 1, ¶ 17). In addition to providing for actual and liquidated damages, the FLSA directs courts to award a prevailing plaintiff her reasonable attorney's fees and costs. 29 U.S.C. § 216(b).

5

Melendrez's damages can be calculated with certainty solely by reference to her declaration and her pay stubs. (Melendrez Decl., Dkt. 40-1 (Ex. B)). Those pay stubs establish that Melendrez was entitled to $7,705.75 in actual damages and an equal amount of liquidated damages, for a total of $15,411.50. (*Id.*). Melendrez informs the Court that Alpha has paid Melendrez $9,790.78 already, reducing her damages to $5,620.72. (*Id.* ¶ 7).

Melendrez's reasonable attorney's fees and costs can also be calculated with certainty solely by reference to her counsel's declaration and invoices. The Fifth Circuit has described the procedure and standard for determining attorney's fees as "a two-step process. First the court calculates the 'lodestar' which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. The court should exclude all time that is excessive, duplicative, or inadequately documented. Once the lodestar amount is calculated, the court can adjust it based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)." *Smith v. Acevedo*, 478 Fed. App'x. 116, 124 (5th Cir. 2012) (citation omitted). The *Johnson* factors are the (1) time and labor required for the litigation; (2) novelty and difficulty of the questions presented; (3) skill requisite to perform the legal services properly; (4) preclusion of other employment; (5) customary fee; (6) whether the fee is fixed or contingent; (7) limitations imposed by the client or circumstances; (8) amount involved and the result obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.

In her motion for default judgment, Melendrez asks for $5,882.50 in attorney's fees and $485 in costs. Plaintiff's counsel filed as evidence invoices summarizing the hours worked, the applicable hourly rates, and the costs incurred. (Fletcher Decl., Dkt. 40-2, at 6–11 (Ex. A)). Those invoices show that lead counsel billed 14.3 hours at a rate of $350 per hour, and that an associate billed 3.9

6

hours at a rate of $225 per hour. (*Id.* (Fletcher hours); Fletcher Decl., Dkt. 40-2, ¶ 8 (Hartry hours)). The invoices also show that plaintiff's counsel incurred $485 in costs. (Fletcher Decl., Dkt. 40-2, at 11 (Ex. A)). The Court is satisfied that the requested attorney's fees are reasonable and declines to adjust them.

### III. CONCLUSION

The Court hereby **GRANTS** Plaintiff's Motion for Final Default Judgment (Dkt. 40). The Court will enter final judgment in a separate order.

**SIGNED** on January 22, 2018.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE